IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Elnora Rivers, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. |
| AllianceOne Receivables Management, Inc., a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Elnora Rivers, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for that violation, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Elnora Rivers ("Rivers"), is a citizen of the State of Florida, from whom Defendant attempted to collect a delinquent consumer debt, owed for a Capital One Bank credit card, despite the fact that she was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, AllianceOne Receivables Management, Inc. ("AllianceOne"), is a Delaware corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. In fact, AllianceOne was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Rivers.

5. From Defendant AllianceOne's offices in Illinois, and sixteen other states, it operates a nationwide debt collection business, and attempts to collect delinquent debts from consumers in virtually every state, including consumers in the State of Illinois. See, AllianceOne's web-site materials, attached as Group Exhibit A.

6. Defendant AllianceOne is licensed as a debt collection agency in the State of Illinois. See, record from the Illinois Division of Professional Regulation, attached as Exhibit B.

7. Moreover, Defendant AllianceOne is licensed to do business in the State of Illinois, and maintains a registered agent within the State of Illinois. See, record from the Illinois Secretary of State, a copy of which is attached as Exhibit C.

## FACTUAL ALLEGATIONS

8. Ms. Rivers is a senior citizen who fell behind in paying her bills. One such debt she was unable to pay was a debt she to Capital One for a credit card. This debt became delinquent, and eventually, Defendant AllianceOne began collection actions relative to that debt. Accordingly, Ms. Rivers sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program -- a nationwide program to protect seniors and disabled persons in

financial difficulties, where those persons have virtually no assets, and their limited income is protected from collections.

9. On March 31, 2009, an attorney at LASPD wrote a letter to Defendant AllianceOne, advising AllianceOne that Ms. Rivers was represented by counsel, and directing AllianceOne to cease contacting Ms. Rivers, and to cease all further collection activities, because Ms. Rivers was forced, by her financial circumstances, to refuse to pay her unsecured debt. A copy of this letter and the fax confirmation are attached as Exhibit D.

10. Nonetheless, Defendant AllianceOne sent a collection letter, dated April 30, 2009, directly to Ms. Rivers, demanding payment of the Capital One debt. A copy of this letter is attached as Exhibit E.

11. Accordingly, on June 14, 2009, Ms. Rivers' LASPD attorney had to send Defendant AllianceOne yet another letter, directing it to cease communicating with Ms. Rivers. A copy of this letter and the fax confirmation are attached as Exhibit F.

12. All of the collection actions at issue occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

16. Defendant AllianceOne knew that Ms. Rivers was represented by counsel in connection with her debts because her attorneys had informed AllianceOne, in writing (Exhibit D), that she was represented by counsel, and had directed Defendant AllianceOne to cease directly communicating with Ms. Rivers.  By directly contacting Ms. Rivers, via the April 30, 2009 letter (Exhibit E), despite being advised that she was represented by counsel, Defendant AllianceOne violated § 1692c(a)(2) of the FDCPA.

17. Defendant AllianceOne's violation of § 1692c(a)(2) of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C.  § 1692k.

### COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

20. Here, Plaintiff River's LASPD attorney told Defendant AllianceOne to cease communications/collections, and that, because Mr. Rivers could no longer afford to pay her debts, she was forced to refuse to pay same.  By continuing to communicate

4

regarding this debt and demanding payment, Defendant AllianceOne violated § 1692c(c) of the FDCPA.

21. Defendant AllianceOne's violation of § 1692c(c) of the FDCPA renders it liable for damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Elnora Rivers, pray that this Court:

1. Find that Defendant AllianceOne's debt collection practices violated the FDCPA;

2. Enter judgment in favor of Plaintiff Rivers, and against Defendant AllianceOne, for damages, costs, and reasonable attorneys' fees, as provided for by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Elnora Rivers, demands trial by jury.

Elnora Rivers,

By: /s/ David J. Philipps_____
One of Plaintiff's Attorneys

Dated: June 30, 2009

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

5